**MARBLE HILL ONEIDA INDIANS,**
Plaintiff–Intervenor–Appellant,

v.

The **ONEIDA INDIAN NATION OF NEW YORK STATE,** a/k/a Oneida Indians of New York, a/k/a Oneida Indian Nation of New York, Oneida Indian of Wisconsin, the Thames Band of Canada (Oneida), Plaintiffs–Appellees,

**United States of America and New York Brothertown Indian Nation,** Plaintiffs–Intervenors–Appellees,

The County of Madison, New York, County of Oneida, New York, and the State of New York, Defendants.

Docket No. 02–6171.

United States Court of Appeals, Second Circuit.

April 8, 2003.

Philip H. Gitlen, Whiteman, Osterman & Hanna, Albany, NY, for Marble Hill Oneida Indians.

Caroline A. Judge, Zuckerman Spaeder LLP, Washington DC, (William W. Taylor, Michael R. Smith, Washington, DC, Arlin-

da Locklear, Jefferson, MD, on the brief), for the Oneida Indian Nation of New York.

Steven Miskinis, Assistant Attorney General (William Lazarus, M. Alice Thurston, and Thomas L. Sansonetti, on the brief), United States Department of Justice, Environment and Natural Resources Division, Washington, DC, for United States of America.

PRESENT: WALKER, Chief Judge, OAKES, and NEWMAN, Circuit Judges.

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 8th day of April, two thousand and three.**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

The Marble Hill Oneida Indians ("the MHO") appeal an order denying their motion to intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2) or, in the alternative, to intervene by permission pursuant to Fed.R.Civ.P. 24(b). We affirm.

This Court reviews a district court's denial of a motion to intervene for abuse of discretion. *United States v. City of New York*, 198 F.3d 360, 364 (2d Cir.1999). A district court abuses its discretion when "its decision rests on an error of law ... or a clearly erroneous factual finding." *Goodrich Corp. v. Town of Middlesbury*, 311 F.3d 154, 169 (2d Cir.2002).

■ To support a Rule 24(a) motion to intervene as of right, the proposed intervenor must "(1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action." *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir.2001) (citation and quotation marks omitted). The district court denied the MHO's motion to intervene as of right because it found that the MHO are part of the Oneida Indian Nation of New York ("OINNY"), plaintiff in this action, and hence that their interests are adequately protected already. On appeal, the MHO challenge this conclusion, and marshal the following evidence in support of their argument that they are a separate tribe from the OINNY: (1) historical data, recorded in a Department of the Interior ("DOI") report chronicling the internal divisions of the Oneida; (2) the MHO's continued possession of certain portions of the original Oneida land reservation; and (3) purported separate recognition of the MHO by the DOI. The district court considered this evidence, but found that countervailing evidence established that the MHO are part of the OINNY and, hence, that the MHO were already represented in the action. We conclude that the district court's findings were not clearly erroneous.

The MHO also argue that the district court erred because it failed to apply a certain definition of "tribe" in its determination of whether the MHO were a part of

the OINNY. We disagree. The MHO correctly observe that, for purposes of the Nonintercourse Act, courts define a tribe as "a body of Indians of the same or a similar race, united in a community under one leadership or government, and inhabiting a particular, though sometimes ill-defined, territory." *Golden Hill Paugussett Tribe of Indians v. Weicker,* 39 F.3d 51, 59 (2d Cir.1994) (quoting *Montoya v. United States,* 180 U.S. 261, 266, 36 Ct.Cl. 577, 21 S.Ct. 358, 45 L.Ed. 521 (1901)). However, the MHO have failed to demonstrate that they are "united in a community under one leadership or government."

For these reasons, we conclude that the district court did not abuse its discretion by denying the MHO's motion to intervene as of right.

■ We also affirm the district court's denial of the MHO's motion for permissive intervention pursuant to Rule 24(b)(2). Permissive intervention may be granted "if the application is timely" and if the "applicant's claim or defense and the main action have a question of law or fact in common." *Wiesshaus v. Swiss Bankers Ass'n,* 225 F.3d 191, 202 (2d Cir.2000) (quoting Fed. R.Civ.P. 24(b)(2)). The district court found that the MHO's motion was untimely and that their intervention would cause prejudice and delay. This law suit has been pending for more than thirty years, has been active for up to six years, and since January 2001 the parties have engaged in discovery and have filed and briefed numerous dispositive motions, most of which were decided in March 2002. We decline the invitation to reverse the district court's assessment that addition of an additional party at this point would cause prejudice and delay in this already-protracted lawsuit. *See H.L. Hayden Co. v. Siemens Med. Sys., Inc.,* 797 F.2d 85, 89 (2d Cir. 1986) (district courts enjoy broad discre-

tion in determining whether to grant a motion for permissive intervention).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**